# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br> Plaintiff/Counterclaim Defendant, <br> vs. <br><br> MICHAEL E. CUSI, et al., <br> Defendants/Counterclaimants. | CASE NO. 3:13-cv-935-MMA-BLM <br> **ORDER:** <br> **GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIM;** <br> [Doc. No. 13] <br> **DENYING PLAINTIFF'S SPECIAL MOTION TO STRIKE** <br> [Doc. No. 14] |

On April 18, 2013, Plaintiff Joe Hand Promotions, Inc. ("Plaintiff") filed an action against Defendants Michael E. Cusi, Raquel Regno, and Raymond Regno ("Defendants"), alleging violations of 47 U.S.C. section 553, 47 U.S.C. section 605, California Business and Professions Code section 17000 *et seq.*, and conversion. Defendants counterclaimed, asserting that 47 U.S.C. sections 605 and 553 are unconstitutionally vague and overbroad. Presently before the Court are Plaintiff's motions to dismiss and strike Defendants' counterclaim pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and California Code of Civil Procedure section 425.16. [Doc. Nos. 13-14.] For the following reasons, the Court **GRANTS** Plaintiff's motion to dismiss, and **DENIES** Plaintiff's motion to strike.

/ / /

# I. FACTUAL BACKGROUND

This action arises out of events involving the broadcast of an "Ultimate Fighting Championship" program at Stronghold CrossFit & Brazilian Jiu Jitsu ("Stronghold CrossFit") on April 21, 2012, at 2176 Chatsworth Boulevard, San Diego, California 92107. [Compl. ¶¶ 7, 19.]

Plaintiff is a Pennsylvania corporation with its principal place of business at 407 E. Pennsylvania Boulevard, Feasterville, Pennsylvania 19053. [Compl. ¶ 6.] Defendants Michael E. Cusi, Raquel Regno, and Raymond Regno are each part-owners of Stronghold CrossFit. [Compl. ¶ 8; Answer ¶ 6.]

Plaintiff alleges that it was granted exclusive contractual rights to the nationwide commercial distribution (closed-circuit) of *Ultimate Fighting Championship 145: Jon Jones v. Rashad Evans* (the "*Program*"), telecast nationwide on April 21, 2012. [Compl. ¶ 26.] Plaintiff further alleges that on April 21, 2012, Defendants specifically directed the employees of Stronghold CrossFit to unlawfully intercept and broadcast the *Program.* [Compl. ¶ 19.] Alternatively, Plaintiff alleges that the unlawful actions of Stronghold CrossFit employees in intercepting the *Program* are directly imputable to Defendants, since Defendants had the obligation to ensure that their business was operating lawfully. [Compl. ¶¶ 16-18.] Plaintiff also alleges that Defendants encouraged the unlawful interception of the *Program* due to their direct financial interest in Stronghold CrossFit, and that the unlawful interception of the *Program* in fact resulted in increased profits for Defendants while depriving Plaintiff of the profits associated with the patronage of current, previous, and potential customers. [Compl. ¶¶ 20-23, 51.]

In its Complaint, Plaintiff asserts four claims: (1) Violation of 47 U.S.C. section 605, (2) Violation of 47 U.S.C. section 553, (3) Violation of California Business and Professions Code section 17200 *et seq.*, and (4) conversion. In their Answer, Defendants raise a counterclaim against Plaintiff, contending that 47 U.S.C. sections 605 and 553 ("sections 605 and 553") are unconstitutionally vague and

overbroad. [Answer ¶ 10.] Defendants thus request declaratory relief in the form of a judicial determination as to the vagueness and reach of sections 605 and 553 so that they can conform their conduct to the terms of these statutes. [Answer ¶¶ 11, 12.] Plaintiff now moves to dismiss Defendants' counterclaim.

## II. DISCUSSION

Plaintiff seeks to dismiss or strike Defendants' counterclaim on three grounds: (1) lack of subject matter jurisdiction pursuant to Rule 12(b)(1), (2) failure to state a claim pursuant to Rule 12(b)(6), and (3) suppression of Plaintiff's First Amendment right to petition, pursuant to California's Anti-SLAPP statute, California Code of Civil Procedure section 425.16. The Court will consider each in turn.

### A. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(1)*

#### 1. Legal Standard

Motions to dismiss for lack of subject matter jurisdiction are provided for by Federal Rule of Civil Procedure 12(b)(1). When Rule 12(b)(1) is invoked by a litigant, the opposing party bears the burden of proving the existence of the court's subject matter jurisdiction by pleading factual allegations. *Thompson v. McCombe*, 99 F.3d 352, 353 (9th Cir. 1996).

The justiciability doctrine of standing pertains to the subject matter jurisdiction of federal courts under Article III, and is thus appropriately raised in a motion to dismiss under Fed. R. Civ. P. 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000); *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005).

#### 2. Standing

Plaintiff contends that Defendants lack standing to bring their counterclaim. Article III, section 2 of the Constitution confines federal courts to the decision of "Cases or Controversies." U.S. Const. art. III, § 2. Standing to sue or defend is an aspect of the case-or-controversy requirement. *Arizonans for Official English v. Arizona*, 520 U.S. 43, 64 (1997). To qualify as a party with standing, a person must

first show (1) an "invasion of a legally protected interest that is concrete and particularized, and actual or imminent." *Id.* In other words, the litigant must seek relief for an injury that affects him in a "personal and individual way," such that he has a "direct stake in the outcome of the case." *Id.*

Once the litigant establishes an injury sufficient for standing, he must also show (2) a causal link between the claimed injury and opposing party's challenged conduct; and (3) redressability of the injury by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-61 (1992); *Hollingsworth v. Perry*, 133 S.Ct. 2652, 2661 (2013).

Standing will not be granted, however, based on the legal rights or interests of third parties, or on the basis of a generalized grievance that affects the litigant no more directly or tangibly than the public at large. *Powers v. Ohio*, 499 U.S. 400, 410 (1991); *Hollingsworth*, 133 S.Ct. at 2662. In the event that a litigant simultaneously seeks standing both for himself and on behalf of a third party, the court will not automatically dismiss one set of allegations merely because standing is found lacking for the other set. *J&J Sports Productions, Inc. v. Dean*, 2011 WL 4080052, at *4 (N.D. Cal. Sept. 12, 2011).

In the matter at bar, the Court finds that Defendants have standing to bring their counterclaim. Defendants have already been injured by the enforcement of the two provisions whose constitutionality they now challenge. [Opp. at 2, Doc. No. 17.] They have been involuntarily summoned to a court of law over enforcement of the two provisions, and have already accrued legal expenses associated with defending against Plaintiff's claims. This constitutes sufficient injury to satisfy the first requirement for standing.

Defendants also satisfy elements (2) and (3) of standing. Plaintiff's efforts to enforce sections 605 and 553 are contingent upon the constitutional validity of the two provisions. This forms the causal link of element (2) that binds the claimed injury (Defendants' accrual of fees from being hailed into court) to the opposing

party's conduct (filing a lawsuit in order to enforce sections 605 and 553). Element (3) is satisfied because Defendants' injury is redressable: a declaratory judgment invalidating sections 605 and 553 would preclude Plaintiff's enforcement of the two provisions and eliminate two causes of action against Defendants.

However, Defendants cannot allege injury as a general grievance or on behalf of third parties. Thus, to the extent that Defendants request declaratory relief "on behalf of similarly situated people in the public," the Court declines to grant standing. [Answer ¶¶ 11, 12.] Defendants appear to concede that they cannot assert the rights of third parties. [Opp. at 3.]

Next, because Defendants seek declaratory relief, the Court must consider whether Defendants have proper standing under the Declaratory Judgment Act ("DJA"). Under the DJA, the litigant "must establish standing by showing that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Scott v. Pasadena Unified School District*, 306 F.3d 646, 658 (9th Cir. 2002); *Seattle Audobon Society v. Moseley*, 80 F.3d 1401, 1405 (9th Cir. 1996). Furthermore, standing under the DJA will be granted to a litigant that challenges the constitutionality of a statute if he asserts a "sufficiently direct threat of personal detriment." *Doe v. Bolton*, 410 U.S. 179, 185, 188 (1973).

In addition to the Court's finding that Defendants have general standing to bring their counterclaim, the Court also finds that Defendants have standing under the DJA. Plaintiff filed its complaint on April 18, 2013, and the ongoing lawsuit constitutes a substantial controversy between Plaintiff and Defendants who have adverse legal interests. Furthermore, two of the four causes of action alleged by Plaintiff depend on whether sections 605 and 553 are constitutional, which warrants the issuance of a declaratory judgment. Finally, because Plaintiff has requested statutory damages in excess of $170,000, Defendants assert a sufficiently direct threat of personal detriment.

The Court **DENIES** Plaintiff's motion to dismiss Defendants' counterclaim based on lack of standing. Defendants have standing to pursue their own claims, but do not have standing to defend claims of the public at large.

### B. *Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)*

#### 1. Judicial Notice

In support of its motion to dismiss, Plaintiff requests that the Court take judicial notice of the Answer to Complaint and Counterclaim filed in *J&J Sports Productions, Inc. v. Dean*, 2011 WL 4080052 (N.D. Cal. Sept. 12, 2011), attached to Plaintiff's reply as Exhibit 1. [*See* Doc. No. 19-1.] A court may take notice of adjudicative facts not subject to reasonable dispute that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). Since pleadings are public documents, the source of Exhibit 1 cannot be reasonably questioned. The Court thus **GRANTS** Plaintiff's request for judicial notice.

#### 2. Legal Standard

Dismissal for failure to state a claim under Rule 12(b)(6) is only appropriate if the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). However, plaintiffs must also plead "enough facts to state a claim to relief that is plausible on its face." Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 570. The plausibility standard thus demands more than naked assertions devoid of further factual enhancement. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Instead, the complaint "must contain allegations of underlying facts [sufficient] to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, the complaint must contain sufficient factual content to allow the court to reasonably infer that the allegations have merit. *Iqbal*, 556 U.S. at 678. The factual allegations must be definite enough to raise a right to relief above the speculative level. *Twombly*, 550 U.S. at 555.

Finally, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of additional or other facts. *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009).

### 3. Analysis

In *J&J Sports*, the defendants filed a counterclaim seeking declaratory relief on the issue of whether sections 605 and 553 were vague and overbroad. *J&J Sports Productions, Inc. v. Dean*, 2011 WL 4080052, at *1 (N.D. Cal. Sept. 12, 2011). In support of their counterclaim, the defendants listed specific provisions of sections 605 and 553 which were allegedly vague and/or overbroad, and emphasized the particular statutory terms that were of questionable validity. [*See* Doc. No. 19-1.] The district court found that the defendants' counterclaim under the First and Fifth Amendments was cognizable. *J&J Sports*, 2011 WL 4080052 at *6.

Here, Defendants' counterclaim is superficially similar to that alleged by the defendants in *J&J Sports*. However, Defendants fail to state with any specificity how sections 605 and 533 are vague or overbroad. Defendants allege only that sections 605 and 553:

> are unconstitutionally vague and overbroad, threatening liability without fair notice and chilling their protected First Amendment activities.

[Answer at 7.] This allegation is insufficient. Defendants must provide more than conclusory allegations that sections 605 and 553 are unconstitutionally vague and overbroad in order to survive the standard for 12(b)(6) motions. Without more, Defendants' counterclaim is entirely implausible. *See Twombly*, 550 U.S. at 570. Defendants rely heavily on *J&J Sports*, for example, but have failed to allege the unconstitutionality of sections 605 and 553 with specificity comparable to that pled

1 | by the defendants in *J&J Sports*.

2 | The Court thus **GRANTS** Plaintiff's motion to dismiss based on failure to state a claim pursuant to Rule 12(b)(6). Defendants are granted leave to amend their counterclaim to cure the deficiencies noted above.

### C. *Special Motion to Strike under Anti-SLAPP, § 425.16*

Finally, Plaintiff moves under California Code of Civil Procedure § 425.16 to strike Defendants' counterclaim. Section 425.16(b)(1), which addresses Strategic Lawsuits Against Public Participation ("SLAPP"), provides,

> A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Code Civ. Proc. § 4.25(b)(1). California anti-SLAPP motions are available to litigants proceeding in federal court. *Thomas v. Fry's Elecs., Inc.*, 400 F.3d 1206, 1206 (9th Cir. 2005). However, Plaintiff's anti-SLAPP motion must be denied because it is directed at Defendants' counterclaim, which presents a federal constitutional question. *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("[A] federal court can only entertain anti-SLAPP special motions to strike in connection with state law claims.").

With respect to attorney's fees and costs, the Court finds that although Plaintiff overreached on the applicability of the anti-SLAPP statute to Defendants' counterclaim, such overreach does not rise to the level of frivolity. Thus, each party is to bear its own fees and costs associated with litigating the motion.

/ / /
/ / /
/ / /
/ / /
/ / /

### III. CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's motion to dismiss Defendants' counterclaim. If they so choose, Defendants may submit an amended counterclaim which cures the defects noted herein. The amended counterclaim must be filed within fourteen days of this order.

The Court **DENIES** Plaintiff's motion to strike.

**IT IS SO ORDERED.**

DATED: July 31, 2013

Hon. Michael M. Anello
United States District Judge